## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONELL S. RHODES, | : | Civil No. 1:23-CV-00198 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BUREAU OF PRISONS, *et al.*, | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Petitioner Ronell S. Rhodes' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is alleging that the Bureau of Prisons ("BOP") refused to apply earned time credits under the First Step Act ("FSA") based on his medium recidivism risk score.  (Doc. 1.)  For the reasons set forth below, the court will dismiss the habeas petition.

### PROCEDURAL HISTORY

Petitioner is serving a 47-month[1] sentence for the offense of felon in possession of a firearm.  *See U.S.A. v. Rhodes*, No. 3:21-cr-00058-TRM-1 (S.D. Ohio).  He is currently housed at the Federal Corrections Institute Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.  Petitioner initiated this action by filing a § 2241 petition in February of 2023.  (Doc. 1.)  The court entered a

---

[1] Both Respondents' response and the affidavit of Jennifer Knepper incorrectly state that he is serving a 57-month sentence.  (Doc. 8, p. 2; Doc. 8-1, p. 1.)  However, the court notes that the correct sentence is in the BOP computer system.  (Doc. 8-1, p. 7.)

show cause order on April 26, 2023.  (Docs. 6, 7.)  Respondent filed a response on

May 17, 2023.  (Doc. 8.)  The court received Petitioner's traverse on June 8, 2023.

(Doc. 9.)  The petition is now ripe to be addressed by the court.

## DISCUSSION

Under the FSA, the Attorney General was charged with development and

release of a Risk and Needs Assessment System ("the System") within 210 days of

December 21, 2018, the date on which the FSA was enacted.  *See* 18 U.S.C. §

3632.  The System is to be used for: (1) determining an inmate's recidivism risk;

(2) assessing an inmate's risk of violent or serious misconduct; (3) determining the

type and amount of evidence-based recidivism reduction programming ("EBRRs")

appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk;

(4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs");

(5) determining when to provide incentives and rewards for successful

participation in EBRRs and PAs; and (6) determining when the inmate is ready to

transfer to pre-release custody or supervised release.  *See id.* § 3632(a).  Moreover,

the System provides guidance on the "type, amount, and intensity of EBRR

programs and PAs to be assigned to each inmate based on the inmate's specific

criminogenic needs."  *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4

(M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation.  *See id.*  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation.  *See id.*

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners.  Section 3624(g) requires, for application in pre-release custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden.  18 U.S.C. § 3624(g)(1)(D)(i).  For early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."  *Id.* § 3624(g)(1)(D)(ii).

Petitioner asserts that he is eligible to have his earned time credits under the FSA applied to his sentence, but the BOP has refused to do so because he has a

medium recidivism level.  (Doc. 1, pp. 4–5.)[2]  The court notes that Petitioner has

not exhausted his administrative remedies on this matter.  (*Id.*, pp. 5–6.)

Generally, a failure to exhaust the administrative remedies results in a dismissal of

the petition.  However, there is some dispute as to whether or not it was possible

for Petitioner to exhaust his administrative remedies.  Therefore, the court will

address the merits of his recidivism risk assessment claim.

### A. Petitioner has Failed to Exhaust His Administrative Remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement,

the United States Court of Appeals for the Third Circuit has consistently required a

petitioner to exhaust his administrative remedies before filing a § 2241 petition.

*See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to

develop a factual record and apply its expertise facilitates judicial review; (2)

permitting agencies to grant the relief requested conserves judicial resources; and

(3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy."  *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682

F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust

his administrative remedies because of a procedural default, and subsequently finds

closed all additional avenues of administrative remedy, cannot secure judicial

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

review of his habeas claim absent a showing of cause and prejudice." *See id*. at

762.  Exhaustion is not required, however, if there is no opportunity to obtain

adequate redress, if the issue presented only pertains to statutory construction, or if

the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134

F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd

Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an

inmate "to seek formal review of an issue relating to any aspect of his/her own

confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt

informal resolution of the issue with the appropriate staff member.  *See id*. §

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal

written grievance, using the BP-9 form, to the Warden within twenty (20) calendar

days "following the date on which the basis for the Request occurred."  *See id*. §

542.14(a).  The Warden is to respond to the request within twenty (20) calendar

days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may

appeal, using the BP-10 form, "to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).

Finally, an inmate may appeal the Regional Director's response, using the BP-11

form, to the BOP's General Counsel "within 30 calendar days of the date the

Regional Director signed the response."  *See id*.

Petitioner concedes in his petition that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Doc. 1, p. 5.)  He asserts he has been denied the correct BP-9 form because the staff at FCI-Allenwood has refused to respond to his attempts at informal resolution with form BP-8.  (*Id.*)  The record shows that Petitioner has filed a single formal administrative remedy request concerning placement in a halfway house, which was not appealed.  (Doc. 8-1, p. 14.)  Therefore, he never exhausted the issue of applying his earned time credits before the BOP, and the petition would typically be dismissed.  However, because of the assertion regarding the staff at FCI-Allenwood refusing to respond to the BP-8 forms to prevent inmates from exhausting their administrative remedies raised the petition, Doc. 1, p. 5, and reasserted in Petitioner's traverse, Doc. 9, pp. 1–2, the court will address the merits of the petition.

### A. Petitioner's Medium Recidivism Level Precludes the Application of His Earned Time Credits.

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for earned time credits.  *See id*. § 3632(d)(4)(D).  If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g).  Among other requirements, to be eligible for the application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2)

6

demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be at minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to pre-release custody approved by the warden of the prison.  *See id*. § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).

Here, Petitioner is arguing that the BOP has erred in not applying his earned time credits because of his medium recidivism risk and cites to 18 U.S.C. § 3632(d) repeatedly in support of his assertion that there is no statutory requirement that an inmate have a low recidivism risk.  (Doc. 1.)  Petitioner does not have to maintain a low recidivism risk to be eligible to earn earned time credits.  *See* 18 U.S.C. § 3632(d)(4).  However, he is required to have a low recidivism risk to have such earned time credits applied to his sentence.  Section 3632(d)(4)(C) states the following:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C).  Therefore, prisoners eligible to have their earned time credits applied towards their sentences is dictated by 18 U.S.C. § 3624(g).  Section

3624(g) defines an eligible prisoner as one who, among other requirements, "has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."  18 U.S.C. § 3624(g)(1)(B).

Here, Petitioner has a medium recidivism level.  (Doc. 8-1, p. 12; Doc. 9-3.) Therefore, he is not eligible to have his earned time credits applied to his sentence, and the petition will be dismissed.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 28, 2023